IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sara Lee JOHANN, Attorney at Law.

Supreme Court

*No. 96–3269–D. Filed February 24, 1998.*

(Also reported in 574 N.W.2d 218.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Attorney Sara Lee Johann to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of making statements concerning two circuit court judges with reckless disregard of the truth or falsity of those statements, engaging in offensive conduct, failing to make diligent effort to comply with a discovery request in the course of litigation in which she was a party, knowingly disobeying an obligation under the rules of the court in the course of appellate litigation, acting in the appellate matter without the necessary legal knowledge, skill, and thoroughness of preparation, presenting, participating in presenting and threatening to present criminal charges solely to gain an advantage in a civil matter, and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation into her conduct.

¶ 2. We determine that a six-month license suspension is the appropriate discipline to impose in light of the nature and the extent of Attorney Johann's professional misconduct established in this proceeding. Her unwarranted accusations against two judges and her attempt to use the criminal justice system to harm those to whom she was personally opposed are particularly serious. Before her license can be reinstated following the license suspension we impose, Attorney Johann will have to demonstrate that she understands the standards to which we hold the persons we license to represent others in our legal system and that she will conform her conduct to those standards.

¶ 3. Attorney Johann was licensed to practice law in Wisconsin in 1982 and practices in Cedarburg. She has not been the subject of a prior disciplinary

proceeding. The referee in this proceeding, John A. Fiorenza, reserve judge, found Attorney Johann in default for failure to answer the Board's amended complaint and made findings of fact as alleged in that amended complaint.

¶ 4. In 1994, the man with whom Attorney Johann had a child petitioned the circuit court to be declared the father of that child and to establish a visitation schedule. Responding to the petitioner's proposed findings of fact, conclusions of law and judgment in that paternity action, Attorney Johann filed a letter with the court that was addressed to the family court commissioner, two circuit judges and the clerk of court asserting that the two judges had engaged in "biased, deliberate, illegal, malicious, knowing, and fraudulent interference" with her custody of her child and that they engaged in the "illegal and malicious destruction of [her] life." She also accused the judges of having made "hate-based" decisions against her. The referee concluded that those statements were made with reckless disregard of their truth or falsity, in violation of SCR 20:8.2(a).[1]

¶ 5. In early November of 1995, Attorney Johann distributed in the Racine area a printed handout strongly critical of her child's father and his wife. That handout included a picture of the father bearing a caption with his name and the term "Accused Serial-Rapist." It urged a boycott of the law firm with which

---

[1] SCR 20:8.2 provides, in pertinent part:

**Judicial and legal officials**

(a) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

the wife of her child's father practiced, accusing her of having cooperated with the father in depriving Attorney Johann of thousands of dollars of income each week by their benefiting from books she asserted she had written and by refusing to return to her research and a manuscript. During the Board's investigation of this matter, Attorney Johann testified that one of the reasons she distributed that material was to reduce the wife's income and thereby limit the financial resources available to her child's father to proceed with the paternity action. The referee concluded that this conduct constituted a violation of the Attorney's Oath, SCR 40.15,[2] by which an attorney swears to "abstain from all offensive personality," and thus constituted a violation of SCR 20:8.4(g).[3]

¶ 6.   The wife of the child's father filed a defamation action against Attorney Johann, and at a hearing on her motion for a temporary injunction, Attorney Johann stated that she had not brought with her any documents establishing the truth of the allegations in the handout and denied under oath that she had been served with a subpoena requiring her to do so. The court found that Attorney Johann testified untruth-

---

[2] SCR 40.15 provides, in pertinent part:

**Attorney's oath.**
The oath or affirmation to be taken to qualify for admission to the practice of law shall be in substantially the following form:
. . .
I will abstain from all offensive personality and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(g)   violate the attorney's oath.

fully in this matter, as a process server testified that Attorney Johann was served with a subpoena requiring her to bring certain material to court.

¶ 7. Thereafter, Attorney Johann failed to appear at a deposition, appeared only briefly at a rescheduled deposition before walking out, and did not appear for a third scheduled deposition. The attorney appointed by the court to serve as referee to oversee discovery disputes in this proceeding obtained three dates on which a deposition of Attorney Johann could be conducted, but Attorney Johann did not respond to his request to select one of them. The court determined that Attorney Johann's failure to make herself available for deposition constituted disobedience, resistance and obstruction of the court's authority, held her in contempt, and awarded default judgment to the plaintiff in the action. The court also found the statements made about the woman in the handout were false and issued a permanent injunction against Attorney Johann.

¶ 8. The referee concluded that Attorney Johann's failure to make a reasonably diligent effort to comply with a proper discovery request violated SCR 20:3.4(d).[4] Her failure to comply with three notices to appear for deposition and produce previously subpoenaed documents and failure to cooperate with the court-appointed referee in discovery constituted know-

---

[4] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(d)   in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party.

ing disobedience of an obligation under the court's rules, in violation of SCR 20:3.4(c)[5]

¶ 9.    In April, 1996, Attorney Johann made a settlement offer to opposing counsel in the matter in which she agreed to stop circulating documents against the wife, but not against the father, and to refrain from including the wife as a named defendant in what she said was a forthcoming class action lawsuit against the child's father and others, in return for all of which she sought dismissal with prejudice of the defamation action. When opposing counsel did not respond to the offer, Attorney Johann sent a letter to the district attorney asserting that the filing of the defamation action against her constituted criminal fraud and that the plaintiff's affidavit in support of it constituted criminal perjury. In that letter, she asked the district attorney to communicate those allegations to the police and sheriff's departments.

¶ 10.    The district attorney concluded that the letter made frivolous allegations against the plaintiff as part of a series of acts whose sole purpose was to harass the plaintiff and her husband. When the district attorney refused to investigate possible criminal charges against the plaintiff, Attorney Johann attempted to intimidate him into filing charges and use his office as a means to harass the plaintiff. Attorney Johann subpoenaed the district attorney to testify in the defamation proceeding and questioned him about his

---

[5] SCR 30:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .
(c)    knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

123

decision not to issue criminal charges against the plaintiff. Thereafter, she named the district attorney as a co-defendant in a federal action she filed against numerous persons who she alleged had conspired against her. The referee concluded that by this conduct, Attorney Johann presented, participated in presenting, and threatened to present criminal charges solely to gain advantage in a civil matter, in violation of SCR 20:3.10.[6]

¶ 11.    When the Board notified her of the grievance alleging her professional misconduct in threatening criminal charges, Attorney Johann did not respond timely, proffer any reason for her failure to respond, or request additional time to do so. She also failed to respond timely to a second letter from the Board requesting information concerning the grievance. The referee concluded that Attorney Johann's failure to respond to the Board's letters violated SCR 21.03(4)[7] and 22.07(2).[8]

---

[6] SCR 20:3.10 provides:

**Threatening criminal prosecution**
A lawyer shall not present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter

[7] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[8] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being

¶ 12. In an unrelated matter, in June, 1995, Attorney Johann volunteered to represent on appeal a person who had been committed involuntarily after being found not competent to stand trial on several misdemeanor offenses. The circuit court had ordered the man to be medicated involuntarily, but the man filed a notice of appeal only from the order of commitment. Attorney Johann offered to represent him in the appeal on a pro bono basis, with costs to be paid by a civil rights organization.

¶ 13. In early June, Attorney Johann wrote the Court of Appeals that she was working to complete the appellant's brief and submitted a number of requests, including one for class action status. The Court of Appeals took no action on that submission because Attorney Johann was not a party to the appeal, nor did she claim to represent the appellant. Attorney Johann then gave the court an employment contract she had had the client sign and asked for a short extension of the briefing time. The court granted the request but said it would look with disfavor upon any additional requests for extension. At the same time, it denied Attorney Johann's request for an extension of the page limitation on the brief and denied the class action certification request on the ground that the court had neither the authority nor the fact-finding ability to determine whether class action status would be appropriate.

investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

¶ 14. After the time for filing the brief expired and she had not filed the brief or requested an extension, Attorney Johann asked for permission to withdraw from representing the appellant but gave no reason for that request. The court denied the request and again extended the time for the filing of the appellant's brief.

¶ 15. Five days after the new deadline, Attorney Johann filed a 79-page brief with a 30-page appendix that consisted of three additional arguments rather than documentary material. In her cover letter accompanying that brief, Attorney Johann again stated her intention to seek class action certification, notwithstanding the court's earlier order declaring that it was without authority to grant such status. In one part of the brief's appendix, Attorney Johann included excerpts from an amicus brief she had filed in a death penalty appeal in another jurisdiction, asserting that they would assist the court in deciding what she termed the "judicial bias" of the circuit court judge who had presided in her client's case. The Court of Appeals subsequently noted that the trial court record contained no indication that the issue of judicial bias ever had been raised.

¶ 16. By order of March 12, 1996, the Court of Appeals dismissed the appeal, in part because the involuntary commitment issue had become moot and in part because of what it termed Attorney Johann's "egregious" violations of the appellate rules. The court's order also pointed out that 14 of the 21 issues raised in the brief filed by Attorney Johann addressed in whole or in part the appellant's involuntary medication, an issue that was not before the appellate court, as the order for involuntary medication issued after the appeal from the involuntary commitment order was

filed, and neither the appellant nor Attorney Johann filed a notice of appeal from the medication order.

¶ 17. The referee concluded that Attorney Johann's conduct in the appeal demonstrated a lack of legal knowledge, skill, and thoroughness in preparation reasonably necessary for the representation of the client, in violation of SCR 20:1.1.[9] By filing a brief exceeding the page limits after unsuccessfully requesting an extension of those limits, Attorney Johann knowingly disobeyed an obligation under the rules of the appellate court, in violation of SCR 20:3.4(c).

¶ 18. As discipline for the foregoing misconduct, the referee recommended that Attorney Johann's license to practice law be suspended for six months and, in the event she applies for reinstatement, that she be required to demonstrate she has full knowledge and understanding of the Rules of Professional Conduct for Attorneys and that her actions will be in conformity with those rules. The condition on reinstatement recommended by the referee is specified in the reinstatement rule, SCR 22.28(4)(f).[10]

---

[9] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[10] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

¶ 19.   We adopt the referee's findings of fact and conclusions of law and determine that the recommended six-month license suspension is the appropriate discipline to impose for Attorney Johann's professional misconduct established in this proceeding. In addition, we require her to pay the costs of the proceeding.

¶ 20.   IT IS ORDERED that the license of Sara Lee Johann to practice law in Wisconsin is suspended for six months, commencing April 7, 1998.

¶ 21.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Sara Lee Johann pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Sara Lee Johann to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 22.   IT IS FURTHER ORDERED that Sara Lee Johann comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.