In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Rocky L. COE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant-Respondent-Cross-Appellant,

v.

Rocky L. COE, Respondent-Appellant-Cross-Respondent.

Supreme Court

No. 01–2488–D. Submitted on briefs April 10, 2003.—Decided July 16, 2003.

2003 WI 117

(Also reported in 665 N.W.2d 849.)

For the respondent-appellant-cross respondent there were briefs by *Rocky L. Coe,* Milwaukee.

For the complainant-respondent-cross appellant there were briefs by *William J. Weigel,* litigation counsel, Madison.

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) appeals from the report and recommendation of the referee that concluded that the OLR failed to establish that Attorney Rocky Coe violated SCR 20:3.10 in a letter he sent to opposing counsel.[1] Attorney Coe cross-appeals from several aspects of the referee's report and recommendation. He specifically objects to the referee's recommendation that this court admonish Attorney Coe for disrespectful conduct toward the referee.

¶ 2. We adopt the recommendation of the referee and agree that the OLR has failed to establish, under the facts of this case, that Attorney Coe violated SCR

---

[1] SCR 20:3.10 provides: "[a] lawyer shall not present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter."

20:3.10. Accordingly, we dismiss the complaint against Attorney Coe. However, the record before us is replete with examples of Attorney Coe's disrespectful and cavalier attitude toward the referee, and the court in general. We hereby admonish him pursuant to SCR 62.02(1).[2]

¶ 3. Attorney Coe was admitted to practice in Wisconsin in 1977. He has no disciplinary history.

¶ 4. In the fall of 2000 Attorney Coe began representing the Opportunities Industrialization Center of Greater Milwaukee, Inc. (OIC) in connection with an ongoing unemployment compensation case and related sexual harassment case in which the OIC was named as defendant.

---

[2] SCR 62.02(1), which provides in relevant part:

(1) Judges, court commissioners, lawyers, clerks and court personnel shall *at all times* do all of the following:

(a) Maintain a cordial and respectful demeanor and be guided by a fundamental sense of integrity and fair play in all their professional activities.

(b) Be civil in their dealings with one another and with the public and conduct all court and court-related proceedings, whether written or oral, including discovery proceedings, with civility and respect for each of the participants.

(c) *Abstain from making disparaging, demeaning or sarcastic remarks or comments about one another.*

(d) *Abstain from any conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive.*

. . . .

(h) Conduct themselves in a manner which demonstrates sensitivity to the necessity of preserving decorum and the integrity of the judicial process.

(Emphasis added.)

¶ 5. The plaintiff in the underlying matter had resigned her employment with the OIC. Several months later she filed a claim for unemployment compensation (the "UC case"). She also filed a claim with the State of Wisconsin Equal Rights Division, alleging that she resigned from the OIC because of sexual harassment by an OIC supervisor (the "ERD case").

¶ 6. The initial decision in the UC case was unfavorable to the plaintiff. The plaintiff appealed and the Labor & Industry Review Commission (LIRC) reversed, declaring that she was eligible for unemployment benefits. The OIC, represented by Attorney Coe, appealed the LIRC decision to the Milwaukee County Circuit Court in *OIC v. LIRC and Dates,* Case No. 00–CV-07743. Meanwhile, in June 2000 the ERD issued a probable cause finding in favor of the plaintiff and against the OIC with regard to her sexual harassment claim.

¶ 7. While both of these matters were pending, Attorney Coe interviewed several potential witnesses. Some of these witnesses had unfavorable things to say about the plaintiff. Without detailing the specific allegations, certain former co-workers and a former boyfriend, who happens to be a married minister, essentially alleged that the plaintiff had concocted the sexual harassment allegations in order to obtain money and alleged further that she had behaved in a manner that did not support her claims of harassment by her former supervisor. Testimony introduced at the evidentiary hearing in the disciplinary matter further indicates that on or about December 4, 2000, the plaintiff's former boyfriend contacted Attorney Coe because he had received a telephone call from one of the plaintiff's lawyers and was anxious about his involvement with

the case and concerned that his extramarital relationship with the plaintiff would be publicized.

¶ 8. On December 5, 2000, Attorney Coe sent a letter to the lawyers who represented the plaintiff in the UC matter and the ERD matter. That letter forms the basis for the disciplinary complaint subsequently filed against Attorney Coe by the OLR. The first paragraph of the letter states: ". . . I am expediting my proposed settlement to humanely put these cases out of their misery." It continues:

> if you continue to proceed, thereby dragging more innocent people into this already sordid affair, I will have no choice but to recommend [plaintiff] to the District Attorney for prosecution for perjury and fraud. *Moreover, let this be official notice that I am now aware that all of you know or should know of what kind of scamming and lying character you proffer as honest.*
>
> Although my client has exerted a lot of energy and expenses defending this ruse, as a gesture of peace during the holidays, I will strongly recommend letting this matter drop, *if* this is ended now. Otherwise, I am going to the DA.

(Emphasis in original.) Subsequently, a grievance was filed with the OLR regarding this letter.[3]

¶ 9. The OLR made a preliminary evaluation and determined that Attorney Coe's conduct potentially violated the Rules of Professional Conduct, namely, SCR 20:3.10, which prohibits a lawyer from presenting, participating in presenting or threatening to present

---

[3] Both matters involving the plaintiff have been resolved. The plaintiff withdrew her ERD complaint in January 2001. The circuit court later upheld the LIRC decision, declaring the plaintiff eligible for unemployment compensation. The OIC appealed, but the appeal was later dismissed.

criminal charges solely to obtain an advantage in a civil matter. The OLR investigated the matter and offered Attorney Coe the opportunity to resolve the matter privately, which he declined. The OLR Director then presented an investigative report to the Preliminary Review Committee, which found cause to proceed with the filing of a complaint against Attorney Coe, alleging a violation of SCR 20:3.10.

¶ 10. A complaint was filed on September 18, 2001, alleging that Attorney Coe "presented, participated in presenting or threatened to present criminal charges solely to obtain an advantage in a civil matter, in violation of SCR 20:3.10."

¶ 11. The Honorable David Friedman was appointed referee on October 1, 2001. Attorney Coe answered, moved to dismiss the complaint, and filed counterclaims against the OLR, alleging malicious prosecution, abuse of authority, failure to cooperate, and intentional infliction of emotional distress. He demanded the OLR compensate him at a rate of $275/hour for the time he spent responding to the OLR complaint. The OLR moved to dismiss the counterclaims. Attorney Coe opposed the motion and moved for summary judgment on the claims.

¶ 12. The referee found the complaint legally sufficient, dismissed Attorney Coe's counterclaims, and denied Attorney Coe's motion for summary judgment on December 27, 2001.[4] The matter proceeded to an

---

[4] Attorney Coe prematurely attempted to appeal the referee's decision. Subsequently, he filed a "motion to recuse referee" and asked this court to enjoin the OLR from prosecuting this matter. He explained that an injunction was necessary "due to the brutal and unconscionable mental abuse that are being heaped upon [him] under the guise of official lawyer regulation, by a branch of the Supreme Court, the Office of

evidentiary hearing. After the hearing and following post-hearing supplemental briefing (to which Attorney Coe objected) the referee issued the report and recommendation on August 7, 2002.[5]

¶ 13. The referee found that Attorney Coe had sent the letter of December 5, 2001, to gain an advantage, but ultimately concluded that Attorney Coe did not threaten criminal prosecution *solely* to obtain an advantage in a civil matter, and consequently did not violate SCR 20:3.10. Accordingly, the referee recommended this court dismiss the complaint against Attorney Coe. However, the referee also suggested that this court consider admonishing Attorney Coe for his disrespectful conduct toward the office of the referee. Both parties appeal.

---

Lawyer Regulation." This filing also contained a generalized complaint against the Supreme Court Rules. The motions were denied.

[5] On July 22, 2002, Attorney Coe filed a "motion for supervisory writ" in this court, complaining that the report and recommendation had not been filed within 30 days of the deadline established in SCR 22.16(6). The report and recommendation issued while the motion was under advisement and the motion was dismissed as moot. Attorney Coe now renews his complaint regarding the delay in the issuance of the report and recommendation. We observe that the record clearly reflects that the delay was occasioned, at least in part, by the referee's request that the parties prepare post-hearing briefs, including a request that the parties discuss the significance of a supreme court case that actually favored Attorney Coe. *See* letter of July 2, 2002, from Referee David Friedman. There is no evidence that Attorney Coe suffered any prejudice from the brief delay in the issuance of the report and recommendation. Attorney Coe's renewal of this grievance is unwarranted.

¶ 14. The parties agree that the referee's findings of fact will be upheld unless they are clearly erroneous and that the referee's conclusions of law are to be reviewed de novo. *In re Disciplinary Proceedings Against Swartwout,* 116 Wis. 2d 380, 342 N.W.2d 406 (1984).

¶ 15. We begin with the OLR's appeal, which asserts that certain of the referee's findings of fact were clearly erroneous and that the referee erred in concluding that Attorney Coe did not violate SCR 20:3.10. The OLR is of the opinion that Attorney Coe's letter "represents one of the clearest violations of SCR 20:3.10 imaginable" and contends that the record evidence warrants the conclusion that Attorney Coe did, in fact, violate SCR 20:3.10.

¶ 16. Attorney Coe defended his letter, variously asserting the following positions: (1) he would not gain an advantage from the letter; (2) his letter was facetious; (3) he was trying to "help" adverse counsel avoid ethical violations; (4) he was reminding LIRC to act properly; and, (5) he was protecting an "innocent witness."

¶ 17. The referee found that the first four "justifications" were neither credible nor supported by the evidence. However, the referee was persuaded that Attorney Coe was, at least in part, genuinely trying to protect the privacy of one of his witnesses, the former boyfriend of the plaintiff. The man was married and had emphasized to Attorney Coe the day before the letter was sent, that disclosure of his extramarital relationship with the plaintiff would be undesirable.

¶ 18. With respect to the UC case, the referee noted that it was unclear to what extent Attorney Radtke (one of the recipients of the December 5 letter) was involved with the case. In addition, the referee was

not persuaded that counsel for the plaintiff could have influenced an advantageous dismissal of the UC case, in that the OIC was appealing the matter. While the OLR objects to these findings as "simply wrong" we cannot, based on the record before us, agree that they are clearly erroneous.

¶ 19. With respect to the ERD case, the referee found that Attorney Coe's purpose in sending the letter was not *solely* to gain advantage and that he was motivated, at least in part, by a desire to protect his witness.

¶ 20. The OLR maintains this finding is clearly erroneous as well. The OLR contends: "Coe presented no evidence that any witnesses . . . were in need of protection." The OLR notes that prior to sending the letter Attorney Coe had never discussed protecting witnesses with opposing counsel. The OLR sets forth in detail the sequence of events that preceded and succeeded the letter to demonstrate that Attorney Coe was not particularly interested in protecting this witness's privacy, including the fact that Attorney Coe had filed the witness's affidavit in the public record as part of the ERD case. Ultimately, the OLR contends that the "record rebuts every purported motivation alleged by Attorney Coe." According to the OLR, "there is no scenario in which Attorney Coe could have been found to be assisting [the witness] in that matter as of December 5, 2000."

¶ 21. We observe that the witness in question testified that *he* believed that Attorney Coe sent the letter of December 5 in order to protect him. The referee explicitly stated that it found this witness credible. The referee's assessment of this witness and of Attorney Coe's intent in sending the letter required a credibility determination that we are extremely reluc-

tant to disturb on appeal. We are mindful that Attorney Coe's zealous style of advocacy transcends that typically encountered, even in the most aggressive litigator; this may have influenced the referee's findings. We emphasize that in another case a letter with identical wording might well be found to violate SCR 20:3.10. Based on the record before us, however, we must conclude that the referee's finding that Attorney Coe did not send the letter "solely" to obtain an advantage is not clearly erroneous.

¶ 22. As the parties have noted there is little precedent regarding SCR 20:3.10 and these matters are highly fact specific. *See, e.g., In re Disciplinary Proceedings Against Johann,* 216 Wis. 2d 118, 574 N.W.2d 218 (1998). Because the referee's factual findings on this record are not clearly erroneous we conclude that the referee correctly concluded, as a matter of law, that the OLR failed to establish that Attorney Coe violated SCR 20:3.10 in this matter. We emphasize that our conclusion is limited to the facts of this case.

¶ 23. We turn to Attorney Coe's cross-appeal which is somewhat diffuse in its rather sweeping accusations against the referee and the OLR. On appeal, Attorney Coe claims that the OLR violated his constitutional and/or other substantive rights in prosecuting him, and that its prosecution of him was "malicious." He is angry with the OLR for failing to prosecute the plaintiff's lawyers apparently for undertaking representation of an individual that Attorney Coe deems to be of poor character. He claims that the referee was biased against him and intentionally "covered-up" the OLR's malicious prosecution of him. He complains that the referee's finding that he sent the December 5 letter to obtain an "advantage" was "clearly erroneous." He sug-

gests racial bias played a role in this matter. Attorney Coe also challenges the referee's suggestion that he be admonished for his conduct. We will address these issues as they are advanced in Attorney Coe's brief:

1. Did the OLR violate Rocky L. Coe's constitutional right to freedom of speech and a due process fair trial by finding that Coe sought an advantage and by not addressing the issue of perjury and fraud in his report?

2. Did the referee in his recommendation to admonish Coe despite finding Coe innocent, evidence his personal bias?

3. Did the OLR unethically prosecute Coe using perjury and fraud?

4. Did the OLR by not engaging in discovery or cooperating with Coe, violate his right to due process?

5. Did the OLR in using the perjury and fraud to prosecute Coe, and not Attorney Rotker violate Coe's constitutional right to equal protection under the laws?

¶ 24. With respect to the first issue we note that it was the referee, not the OLR, who found that Attorney Coe sought an advantage in sending the letter of December 5 and who declined to address the issue of "perjury" and "fraud" in the report and recommendation.

¶ 25. In four of the five issues presented to the court, and throughout his briefs and motions, Attorney Coe makes reference to the facts of the underlying matter, including his repeated references to "perjury" and "fraud." Attorney Coe seems to believe that the fact that certain witnesses were prepared to make statements that reflect unfavorably upon the credibility of the plaintiff in the underlying matter is somehow relevant to, or justification for, his own conduct.

¶ 26. We conclude that the referee's discretionary decision not to discuss Attorney Coe's extensive allegations of "perjury" and "fraud" by the plaintiff was entirely proper. Even if true, these allegations would not justify an attempt by counsel to threaten criminal charges solely to obtain an advantage in a civil matter. *See* SCR 20:3.10.

¶ 27. In any event, Attorney Coe challenges the referee's finding that he sent the letter to "obtain an advantage." He also claims it is "glaring evidence of the referee's zealous bias." We are somewhat perplexed as to why Attorney Coe objects to this finding when the referee ultimately determined that it was inadequate to support a conclusion that Attorney Coe violated SCR 20:3.10. In any event, the referee's finding of fact on this point is not clearly erroneous. As the OLR observes in its brief, the letter was sent to the plaintiff's counsel by Attorney Coe, as defense counsel for the OIC, with the intent to induce the plaintiff's counsel to dismiss her case—in other words, to gain a benefit, or advantage, for Attorney Coe's client. It is readily apparent that Attorney Coe would have obtained a benefit or advantage if the letter had accomplished its objective of inducing the plaintiff to dismiss the ERD case.

¶ 28. We turn to Attorney Coe's assertion that the referee in this matter was guilty of bias. As a preliminary matter, the OLR correctly observes that Attorney Coe's claims regarding the referee's and OLR's handling of this disciplinary matter are not properly before the court on this appeal. However, in the interests of judicial efficiency, we will dispose of them on the merits.

¶ 29. A charge of bias is a serious allegation and should not be made lightly. We have carefully reviewed

the record and conclude that Attorney Coe's allegation with respect to Referee Friedman is utterly without support in the record. Indeed, Referee Friedman appears to have conducted himself with the utmost self-control and patience in what must have been a very trying matter.

¶ 30. We also reject Attorney Coe's claim that the OLR "unethically persecute[d]" him using "perjury and fraud" and that the OLR violated his constitutional rights to due process and equal protection. Attorney Coe's allegations against the OLR are both conclusory and unsupported by the evidence in the record.

¶ 31. There is simply no evidence before us that supports Attorney Coe's contention that the OLR engaged in malicious prosecution, that the referee was unfairly biased against him, or that Attorney Coe's fundamental rights were in any way violated by this proceeding. Therefore, the referee did not err in dismissing Attorney Coe's counterclaims.

¶ 32. We appreciate that we may not have specifically addressed each and every one of Attorney Coe's claims on appeal. To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected. *State v. Waste Mgmt. of Wis., Inc.,* 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

¶ 33. We now turn to the referee's suggestion that this court consider admonishing Attorney Coe for his disrespectful conduct toward the referee. The referee emphasizes that he was not personally concerned about Attorney Coe's disparaging comments, but rather about his lack of respect for the position of referee.

¶ 34. The OLR agrees that it is the court's prerogative to admonish Attorney Coe and opines that the recommendation "is well supported." The OLR adds that the recommendation "would appear consistent with precedent interpreting SCR 20:8.2(a)."[6]

¶ 35. The OLR cites a number of the many examples of Attorney Coe's disrespectful attitude toward the referee and/or the court system in general. Only a few will be repeated here. Attorney Coe has stated on the record:

> This [referee's] patent and reprehensible masquerade of fairness to support Attorney Rotker and the OLR, is not only an embarrassment to the history of jurisprudence, but is a brutally unconscionable slight . . . .

> . . . .

> Ostensibly, the referee was nothing but a cheerleader for the OLR.

> . . . .

> Clearly, the referee, in an attempt to keep the gross injustice of this case in the dark, conveniently kept his intellectual light bulb turned off.

> . . . .

> Without question, it would be easier for a snowman to put on a gasoline suit and stroll hand in hand with the devil through the flames of hell, than for me to get a fair report from this referee.

---

[6] SCR 20:8.2(a) provides that:

a. A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

41

¶ 36. Attorney Coe also referred to one of the referee's comments as: "a rare moment of intellectual activity." In addition, in a motion filed with this court, Attorney Coe contended that it was "brutally unconscionable for this Court to allow an attorney with my over 25 years of accomplishments, to be subjected to this 'high tech lynching.' " He calls the referee "mean spirited" for mentioning "his witness" by name in the report and recommendation. He makes reference to the referee's "antebellum condescension."

¶ 37. In a letter to the referee dated July 27, 2002, he stated:

> And, I remind you that in your zealous bias for the OLR, you denied me the professional courtesy of a postponement of this April 12, 2002 trumped up trial. Well, you are now nearing almost three months overdue for rendering a decision in a simple one-count hearing. What happened to "Justice delayed, is justice denied"?
>
> Is this more hypocrisy?

¶ 38. Attorney Coe also describes the referee as "personally upset and whining." He adds that the referee "had become intoxicated from his own whine and could not write a complete or clear decision." This is only a sampling of Attorney Coe's rhetoric, which pervades the record, his briefs and motions.

¶ 39. We direct Attorney Coe's attention to SCR 62.02(1), which provides in relevant part:

> (1) Judges, court commissioners, lawyers, clerks and court personnel shall *at all times* do all of the following:
>
> (a) Maintain a cordial and respectful demeanor and be guided by a fundamental sense of integrity and fair play in all their professional activities.

42

(b) Be civil in their dealings with one another and with the public and conduct all court and court-related proceedings, whether written or oral, including discovery proceedings, with civility and respect for each of the participants.

(c) *Abstain from making disparaging, demeaning or sarcastic remarks or comments about one another.*

(d) *Abstain from any conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive.*

. . . .

(h) Conduct themselves in a manner which demonstrates sensitivity to the necessity of preserving decorum and the integrity of the judicial process.

SCR 62.01. (Emphasis added.) Violation of the Standards of Courtesy and Decorum "can . . . carry serious consequences to the merits of a given case." *See Geneva Nat'l Cmty. Ass'n v. Friedman,* 228 Wis. 2d 572, 584, 598 N.W.2d 600 (Ct. App. 1999); *Aspen Servs., Inc. v. IT Corp.,* 220 Wis. 2d 491, 498, 583 N.W.2d 849, 852 (Ct. App. 1998) ("[Aspen] is mistaken in its belief that the Rules in SCR 62 and SCR 20 cannot be the basis for imposing a sanction for incivility during litigation.").

¶ 40. In addition, we remind Attorney Coe that SCR 62.02(4) provides that "Adherence to standards of professionalism and courtesy, good manners and dignity is the responsibility of each judge, court commissioner, lawyer, clerk, and other personnel of the court who assist the public." The Attorney's Oath also states that each attorney shall "maintain the respect due to courts of justice and judicial officers." SCR 40.15.

43

¶ 41. Attorney Coe's comments rise to the level of a personal attack on the referee and are unwarranted and unprofessional. Even in zealous advocacy attorneys are required to maintain respect to courts of justice. *See* Preamble SCR Chapter 20; SCR 62.02(c); *In re Cannon,* 206 Wis. 374, 407, 240 N.W.2d 441 (1932). His excessive sarcasm and hyperbolic rhetoric are unbecoming to a lawyer, and undermine the decorum and integrity of the judicial process. *See* SCR 62.02(1). Pursuant to SCR 62.02(1), we hereby formally admonish Attorney Coe for his disrespectful comments made during the course of this disciplinary proceeding. Although this admonishment will not carry additional sanctions in this proceeding, Attorney Coe is strongly advised to curtail his rhetorical style in future court proceedings or risk sanctions pursuant to SCR 62.01.

¶ 42. Finally, both parties seek costs in this case. As the OLR complaint will be dismissed, the OLR is not entitled to recoup its costs in this matter. Attorney Coe's request for costs is denied.

¶ 43. IT IS ORDERED that the referee's report and recommendation of August 7, 2002, is adopted by this court and the complaint against Attorney Rocky Coe alleging a violation of SCR 20: 3.10 is dismissed.

¶ 44. IT IS FURTHER ORDERED that Attorney Rocky Coe is hereby admonished pursuant to SCR 62.02(1) for conduct in violation of the standards articulated therein.