Jerina Pandeli, Plaintiff-Respondent,
v.
Theodore P. Majesz, Defendant-Appellant.
No. 04-0956.
Court of Appeals of Wisconsin.
Opinion Filed: February 9, 2005.
Before Anderson, P.J., Brown and Snyder, JJ.
¶ 1 PER CURIAM.
Theodore P. Majesz appeals from a judgment in favor of Jerina Pandeli for $230,479.95 for unpaid loans, including interest and costs, that Pandeli made to Majesz between 1985 and 1998. Majesz challenges the circuit court's finding that loans were made, that an accord and satisfaction was not reached, and that Pandeli's action is not barred by the statute of limitations or laches because of continued payments. We reject his claims and affirm the judgment.
¶ 2 Pandeli ran a successful restaurant where Majesz, a farmer, would frequently eat. A friendship developed and as Majesz's farm began to fail, Pandeli loaned Majesz varying and substantial sums of money, usually in cash. On June 19, 2001, Pandeli commenced this action to recover unpaid amounts. Majesz admitted that loans were made but disputed the amounts and asserted that a check dated April 27, 1992, in the amount of $49,000 and marked "loan paid in full," constituted an accord and satisfaction of all debts to that date. Trial was to the court. The circuit court found that writings evidencing the loans had not been altered or forged, that additional payments were made after the 1992 "paid in full" check negating an accord and satisfaction, that payments were made in 1999 and 2000 making the six-year statute of limitations under WIS. STAT. § 893.43 (2003-04),[1] inapplicable, and that laches was not a defense.
¶ 3 Majesz's appellate arguments amount to a challenge to the sufficiency of the evidence to support the circuit court's findings. The circuit court's findings will be sustained unless clearly erroneous. WIS. STAT. § 805.17(2). Findings will not be reversed simply because there is evidence to support a contrary finding. Cogswell v. Robertshaw Controls Co., 87 Wis. 2d 243, 249, 274 N.W.2d 647 (1979). "[T]o command a reversal, such evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence." Id. at 249-50. Where, as here, the circuit court acts as the fact finder, we defer to the circuit court's determination of the credibility of the witnesses. See id. at 250. If more than one reasonable inference can be drawn from the evidence, we must accept the inference drawn by the circuit court. Id.
¶ 4 There is ample evidence to support the circuit court's findings. The loans are documented either by handwritten receipts or checks and corresponding deposit slips. Although Majesz testified that dollar amounts on certain receipts had been altered, the circuit court found his testimony impeached by previous deposition testimony. Further, the circuit court found that the cash transactions, even in large amounts, were consistent with Pandeli's work effort and cultural background.[2] The circuit court found Pandeli's testimony more credible than Majesz's testimony. Despite some inconsistencies in Pandeli's testimony and Majesz's suggestion that Pandeli committed tax fraud, we must defer to the circuit court's credibility determination.
¶ 5 The circuit court's credibility determination also comes into play with regard to Majesz's claim that an accord and satisfaction was reached when Pandeli cashed the 1992 check marked "loan paid in full." Based on Pandeli's testimony the circuit court found that Pandeli called Majesz about the 1992 check and was assured by Majesz that he did not mean to discharge the debt entirely. There was also testimonial and documentary evidence that Majesz made more payments after the 1992 check. The circuit court's finding that sums from Majesz to Pandeli were payments is not clearly erroneous. Thus, Majesz's own conduct confirmed that an accord and satisfaction had not been reached. See Hoffman v. Ralston Purina Co., 86 Wis. 2d 445, 453, 273 N.W.2d 214 (1979) (accord and satisfaction only if there is a sufficient expression to make creditor understand that the sum is in satisfaction of disputed claim).
¶ 6 With the circuit court's finding that Majesz made payments after the 1992 check, it follows that the statute of limitations had not run when Pandeli commenced this action in 2001. Partial payment renewed the promise of repayment for another six-year term. See St. Mary's Hosp. Med. Ctr. v. Tarkenton, 103 Wis. 2d 422, 424, 309 N.W.2d 14 (Ct. App. 1981). The court found that a check from Majesz to Pandeli in November 1999 was not a gift and that payments were made in 2000. The findings are not clearly erroneous. The six-year statute of limitations had not run.
¶ 7 Finally, Majesz argues that the action is barred by laches. Laches is an equitable defense and requires a finding of unreasonable delay in bringing suit and prejudice to the opposing party. See Sawyer v. Midelfort, 217 Wis. 2d 795, 806, 579 N.W.2d 268 (Ct. App. 1998), aff'd, 227 Wis. 2d 124, 595 N.W.2d 423 (1999). What unreasonable delay can be asserted against Pandeli? Her longtime friend continued to make payments against the debt into the year 2000. At best, only a one-year delay occurred before the action was commenced in 2001. It was not an unreasonable amount of time to wait in light of the pattern of conduct between the parties with sporadic payments. Additionally, the circuit court found that Majesz had reason to believe that Pandeli considered the debt to be owed. The elements of laches were not proven.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Pandeli indicated that she did not trust banks and the circuit court found that Pandeli's attitude was a product of her experience as a European immigrant who had lived through the Nazi occupation and under communist leaders. Majesz argues that the circuit court's findings result from the court's prejudiced view of Pandeli's background such that the court was biased against Majesz. The circuit court's reference to Pandeli's life experience provided an explanation for its credibility determination. There is no basis for a suggestion of bias and we do not address the issue. A charge of bias should not be made lightly. Office of Lawyer Regulation v. Coe, 2003 WI 117, ¶ 29, 265 Wis. 2d 27, 665 N.W.2d 849. We admonish appellant's counsel for raising such a baseless claim in violation of his professional responsibility to show respect and decorum to the court. See id., ¶ 41; SCR 62.02(1)(c), (e).